UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIC McKERCHIE,

        Plaintiff,

v.

WISCONSIN CENTRAL LTD.,

        Defendant.
_____/

File No. 2:14-cv-101

HON. ROBERT HOLMES BELL

## OPINION

This is a diversity case involving personal injuries sustained by an employee of an independent contractor. Plaintiff Eric McKerchie filed an action in the Circuit Court for the County of Chippewa, Michigan, Case No. 14-13245-NO, on April 14, 2014 against Defendant Wisconsin Central, Ltd. ("WCL"). On April 30, 2014, WCL removed the action to federal court on the basis of diversity jurisdiction. (ECF No. 1.) Plaintiff moves to change venue to the United States District Court for the Eastern District of Wisconsin. (ECF No. 16.) For the following reasons, the Court denies Plaintiff's motion to change venue. In addition, the Court orders Defendant to show cause why this Court should not remand the case to state court.

### I. Background

Plaintiff, a Michigan resident, was hired by a subcontractor to REID Machinery, Inc. to help load old railroad ties. (Def.'s Br. 3, ECF No. 17.) Defendant WCL, an Illinois entity, had contracted with several non-parties, including REID Machinery, Inc. and

A.J.'s Railroad Contractors ("A.J.'s") to dispose of railroad materials in its rail yards. (Compl. ¶ 7, ECF No. 1.) On July 22, 2011, Plaintiff and an employee of A.J.'s, Roger Runnoe, were unloading rail ties into a truck in Defendant's rail yard in Green Bay, Wisconsin, when the ties toppled onto Plaintiff, causing injuries. (*Id.*)

Plaintiff filed a previous suit against Defendant WCL in the United States District Court for the Eastern District of Michigan, Southern Division. *McKerchie v. Wisc. Central, Ltd.*, No. 2:13-cv-329. The Eastern District Court transferred venue here to the United States District Court for the Western District of Michigan, Northern Division. This Court dismissed Plaintiff's claim for relief under Restatement (Second) of Torts § 428, granted leave for Plaintiff to amend his complaint to include a claim of negligent supervision, and denied leave for Plaintiff to amend his complaint to include a claim of inherently dangerous work activity. *McKerchie v. Wisc. Central, Ltd.*, No. 2:13-cv-329 (W.D. Mich. Jan. 10, 2014) (ECF Nos. 20, 21). The parties subsequently stipulated to dismiss without prejudice the claim as to negligent supervision. *Id.*, (ECF No. 23).

On April 14, 2014, Plaintiff filed this action in Michigan state court, and Defendant removed to federal court. In his complaint, Plaintiff alleges that the amount in controversy exceeds $25,000. (Compl. ¶ 1, ECF No. 1.)

Plaintiff has another action pending against Roger Runnoe, arising out of the same series of events, in the United States District Court for the Eastern District of Wisconsin, *McKerchie v. Runnoe*, No. 2:14-cv-599 (E.D. Wisc.).

## II. Jurisdiction under 28 U.S.C. § 1332(a)

Defendant has removed the action to federal court on the basis of diversity. The federal district courts have original subject matter jurisdiction where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). A defendant who wishes to remove his or her case to federal court has the burden to prove that the Court possesses jurisdiction. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993)). Defendant must "show by a preponderance of the evidence that the allegations in the complaint at the time of removal satisfy the amount-in-controversy requirement." *Northup Prop., Inc. v. Chesapeake Appalachia, L.L.C.,* 567 F.3d 767, 769-70 (6th Cir. 2009).

On this matter, the Court is not satisfied that Defendant has sufficiently demonstrated that this Court has subject matter jurisdiction. Upon the face of the complaint, at the time of filing, Plaintiff has only alleged that the amount in controversy exceeds $25,000.00. *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289-90 (1938). Defendant argues in its Notice of Removal (ECF No. 1) that the action meets the amount in controversy requirement because Plaintiff alleged an amount in excess of $75,000 in the previous case before this Court based on the same set of facts. (*See* Compl.¶ 2, *McKerchie v. Wisc. Central, Ltd.*, No. 2:13-cv-329, (ECF No. 1).)

Several counts of Plaintiff's complaint in the prior case, however, were dismissed.

3

No party has alleged the value of the remaining claims such that the previous action could support jurisdiction in this matter. Therefore, Defendant has not met its burden to demonstrate the amount in controversy exceeds $75,000 by a preponderance of the evidence.

### III. Change of Venue

As a preliminary matter, this Court lacks authority to transfer this case to another federal court that does not have subject matter jurisdiction. *See* 28 U.S.C. §§ 1404(a), 1406(a). Assuming *arguendo* that Defendant can demonstrate this case was properly removed to federal court, then this Court may transfer venue to any district where the action might have been brought for the convenience of the parties and witnesses, in the interest of justice. 28 U.S.C. § 1404(a). The factors the Court must consider are (1) the convenience of the parties, (2) the convenience of the witnesses, (3) the relative ease of access to sources of proof, (4) the availability of process to compel attendance of unwilling witnesses, (5) the cost of obtaining willing witnesses, (6) the practical problems associated with trying the case most expeditiously and inexpensively, and (7) the interests of justice. *See, e.g., Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009); *L. Perrigo Co. v. Warner-Lambert Co.*, 810 F. Supp. 897, 900 (W.D. Mich. 1992). The district court has broad discretion to determine whether transfer is appropriate. *Reese*, 574 F.3d at 320.

The convenience of the parties strongly weighs in favor of maintaining venue in

the Western District of Michigan. Defendants claim no inconvenience by traveling to Michigan for litigation. The fact that Plaintiff resides in the Western District of Michigan and originally filed suit in Michigan state court suggests that this Court is not inconvenient to him.

The convenience of witnesses does not warrant transfer. Plaintiff points out that Roger Runnoe, a potential witness, is a resident of Wisconsin. However, Plaintiff has not demonstrated that Mr. Runnoe's residency or ability to travel would limit his participation in litigation. Presumably Mr. Runnoe's convenience is not determinative to Plaintiff's suit because Plaintiff originally filed this action in a Michigan state court located within this District. Moreover, Defendants' witnesses are amenable to the Western District of Michigan, Northern Division as are Plaintiff's treating physicians.

The next factors—access to sources of proof and process and cost of obtaining witnesses—weigh in favor of maintaining venue in the Western District of Michigan. The situs of events is Green Bay, Wisconsin. However, Defendant contends that there is no need to see the accident location because the location and physical evidence are no longer in the same condition since the event occurred in 2011. Plaintiff has not alleged how proximity to the accident location or evidence in Wisconsin is important to his case, nor any other reasons to support these factors. Therefore, these factors do not heavily weigh in favor of transferring venue.

Finally, the interests of justice "include such concerns as ensuring speedy trials,

trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.* 883 F.2d 1286, 1293 (7th Cir. 1989). Plaintiff suggests that litigating this matter piece meal in two federal district courts is a waste of judicial resources. However, there are few practical problems associated with trying the case expeditiously and inexpensively in the Western District of Michigan. This Court is already familiar with the parties and the nature of this suit, as Plaintiff previously litigated several claims before it.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion to transfer venue will be denied. The Court will issue an Order that Defendant show cause why the case should not be remanded to state court.

The Court will issue an Order consistent with this Opinion.


Dated: September 29, 2014          /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   UNITED STATES DISTRICT JUDGE